IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, | ) | C/A No. 3:21-3049-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina; Richland County Sheriff's, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Orlando Ira Brown, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes this action should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Factual and Procedural Background**

Plaintiff indicates that he brings this action pursuant to § 1983 and the ADA and names the State of South Carolina and the Richland County Sheriff as defendants. He indicates that "a fake warrant" from a Richland County Sheriff's deputy "caused an unlawful" detainer. (Compl., ECF No. 1 at 5.) Plaintiff alleges that a deputy arrested him because Plaintiff's "mental health condition did not look good" and transported Plaintiff to a hospital's psychiatric ward for evaluation. (Id. at 7.) For relief, Plaintiff seeks compensatory damages arising out of damage to the investment prospects for Plaintiff's company in light of Plaintiff's arrest.

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.     Analysis

In his Complaint, Plaintiff does not expressly state a recognizable legal cause of action, but in accordance with the court's duty to liberally construe *pro se* complaints, the court construes it as asserting a cause of action pursuant to 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment.  A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

However, the only defendants named by Plaintiff—the State of South Carolina and the Richland County Sheriff—are not persons amenable to suit pursuant to 42 U.S.C. § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute); Hafer v. Melo, 502 U.S. 21, 25-31 (1991); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 482-83 (4th Cir. 2005); see also Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities), aff'd, 878 F.2d 379 (4th Cir. 1989) (table).  Regardless, even if Plaintiff named a person amenable to suit, Plaintiff fails to provide any facts that would show that his arrest violated the Constitution.  See generally Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (stating that to establish an unreasonable seizure under the Fourth Amendment, the plaintiff must show he was

arrested without probable cause). Therefore, Plaintiff fails to state a § 1983 claim upon which relief can be granted.

Additionally, Plaintiff purports to bring a claim pursuant to the ADA, but he fails to allege that he has a disability or explain how the defendants discriminated against him. See generally 42 U.S.C. § 12132 (barring the exclusion of disabled people from public programs and services); 42 U.S.C. § 12182 (barring discrimination against disabled people in places of public accommodation). Therefore, Plaintiff fails to state a claim pursuant to the ADA upon which relief can be granted.

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

October 13, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).