IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Orlando Ira Brown, ) | |
| ) | C/A No. 3:21-cv-03049-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina and ) | |
| Richland County Sheriff's, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Orlando Ira Brown ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings the underlying action against the State of South Carolina and the Richland County Sheriff ("Defendants") alleging constitutional violations pursuant to 42 U.S.C. § 1983 and discriminatory acts in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Paige J. Gossett for initial review pursuant to 28 U.S.C. § 1915. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation for summary dismissal.

Plaintiff alleges that he was unlawfully detained pursuant to "a fake warrant" executed by a Richland County Sheriff's Deputy. ECF No. 1 at 5. Plaintiff alleges that the deputy arrested him because his "mental health condition did not look good" and transported him to a hospital's psychiatric ward for evaluation. *Id.* at 7. Plaintiff seeks compensatory damages commensurate to the damage his arrest caused to his company's investment prospects.

On October 13, 2021, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal of the complaint without prejudice.[1]  ECF No. 11.  The Magistrate Judge construed the allegations regarding unlawful detainer and a fake warrant as a claim for false arrest in violation of the Fourth Amendment under § 1983.  *Id.* at 3.  The Magistrate Judge found that neither the State of South Carolina nor the Richland County Sheriff is subject to § 1983 liability and moreover that Plaintiff failed to allege that the arrest was effected without probable cause.  *Id.*  With respect to the ADA claim, the Magistrate Judge found that Plaintiff failed to allege that he has a disability and failed to explain how Defendants discriminated against him.  *Id.* at 4.  Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of his right to file an objection to the Report and Recommendation.  ECF No. 11 at 5.  Plaintiff has not filed an objection and the deadline for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] The court adopts the Magistrate Judge's thorough summary of the applicable legal standards herein without recitation.

Notwithstanding Plaintiff's election not to object, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation.  The Report and Recommendation, ECF No. 11, is incorporated herein by reference.  The complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

November 3, 2021
Columbia, South Carolina